IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LYNN D. JONES**  **PLAINTIFF**
**ADC #132622**

v.   No: 4:24-cv-00649-KGB-PSH

**AUBREY K. WALKER,** *et al.*   **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Lynn D. Jones filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 31, 2024 (Doc. No. 2).[1] On December 13, 2024, Jones was granted leave to

---

[1] In an Initial Order for *Pro Se* Prisoner Plaintiffs, the Court notified Jones of his duty to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the Eastern District of Arkansas. Local Rule 5.5(c)(2) provides that a party not represented by counsel is obligated to monitor the progress of his case and to prosecute or defend it

proceed *in forma pauperis* and directed to file an amended complaint to clarify his claims within 30 days (Doc. No. 20). He was cautioned that failure to file an amended complaint may result in the dismissal of his case.

On January 6, 2025, Jones filed notice of a new address at the Varner Unit (Doc. No. 21).² A copy of the Court's December 13, 2024 Order and a copy of the docket sheet were sent to him at his new address that same date. *See* Doc. No. 22 & January 6, 2025 Remark (a court only entry showing that the December 13, 2024 Order had been mailed to Plaintiff at his new address). Neither document were returned as undeliverable.

Almost 60 days have passed, and Jones has not complied or otherwise responded to the December 13, 2024 order. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

---

diligently. The Rule also provides that if any communication from the Court to a *pro se* plaintiff is not responded to within thirty days, the case may be dismissed without prejudice. *See* Doc. No. 3.

² Jones' motion for leave to proceed *in forma pauperis* and the Court's order directing him to file an amended complaint initially mailed to his previous place of incarceration were returned as undeliverable on January 6, 2025. *See* Doc. No. 23.

It is therefore recommended that Jones' complaint (Doc. No. 2) be dismissed without prejudice.

DATED this 4th day of March, 2025.

_____
UNITED STATES MAGISTRATE JUDGE